UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

_____

CHARLES SHEPPARD,

                            Plaintiff,

v.                                                                              Case No. 22-cv-0902-bhl

JASMINE KORUS, et al.,

                            Defendants.

_____

## NOTICE AND ORDER
_____

       Plaintiff Charles Sheppard, who is representing himself, filed a complaint under 42 U.S.C. §1983. On February 13, 2023, the State Defendants filed a motion for summary judgment asserting that Sheppard failed to exhaust the administrative remedies on his medical claim concerning the cancellation of his bupropion prescription and on his conditions of confinement claim. Dkt. No. 22. The State Defendants concede that Sheppard exhausted the administrative remedies on his other claims. Also on February 13, 2023, Defendant Christa Pierce filed a motion to join the State Defendants' motion for summary judgment on exhaustion grounds. Dkt. No. 26. The Court will grant Pierce's motion.

       Under Civil L. R. 56(b)(2), Sheppard's response materials are due within thirty days of service of the motion, or by **March 15, 2023**. In responding to the motion, Sheppard must respond to each of the proposed findings of fact by agreeing with each proposed fact or explaining why he disagrees with a particular proposed fact. If he does not indicate one way or the other, the Court will assume that he does not dispute the proposed fact and will accept the fact as true. Sheppard must support every disagreement with a proposed fact by citing to evidence. He can do that by relying on documents that he attaches to his response or by telling the Court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746.[1] An unsworn declaration is a way for a party to tell his side of the story while declaring to the Court that

---

[1] At the bottom of his declaration, he should state: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).

everything in the declaration is true and correct. Sheppard must also respond to the legal arguments in the brief.

If Sheppard fails to respond to the motion by the deadline, the Court will accept all facts asserted by Defendants as undisputed, which will likely result in summary judgment being granted in Defendants' favor. Further, the Court reminds Sheppard that, under Civil L. R. 56(b)(9), failure to comply with the requirements of Civil L. R. 56 may result in sanctions up to and including the Court granting Defendants' motion.

If Sheppard believes he needs additional time to prepare his response materials, he must file a motion asking the Court to extend the deadline *before* his response materials are due. If he files such a motion, he must explain why he needs additional time and how much additional time he needs.

**IT IS THEREFORE ORDERED** that Defendant Christa Pierce's motion to join the State Defendants' summary judgment motion (Dkt. No. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that, if by **March 15, 2023**, Sheppard does not respond to the summary judgment motion or does not request additional time to do so, the Court will accept all facts asserted by Defendants as undisputed and may grant the motion as a sanction for noncompliance with this order and the local rules.

Dated at Milwaukee, Wisconsin on February 15, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge