UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES SHEPPARD,

       Plaintiff,

v.                Case No. 22-cv-0902-bhl

JASMINE KORUS, et al.,

       Defendants.

---

## DECISION AND ORDER

---

  Plaintiff Charles Sheppard, who is incarcerated at the New Lisbon Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. On October 14, 2022, the Court screened the amended complaint and allowed Sheppard to proceed, in part, on an Eighth Amendment claim against John Doe officers based on allegations that they ignored Sheppard's request for a security blanket even though he was nearly naked, vomiting, and visibly shaking from the cold. *See* Dkt. No. 13 at 4-5. The Court informed Sheppard that he would have to use discovery to learn the names of the Doe Defendants. On December 15, 2022, the Court entered a scheduling order requiring Sheppard to identify the Doe Defendants by March 14, 2023. The Court warned Sheppard that, if he did not identify the Doe Defendants or explain why he was unable to do so by the deadline, the Court may dismiss the Doe Defendants. Dkt. No. 21.

  On February 13, 2023, Defendants filed a motion for partial summary judgment on the ground that Sheppard did not exhaust the administrative remedies on two of his claims before he initiated this lawsuit. Dkt. No. 22. One of the two claims that Defendants assert is unexhausted is his conditions-of-confinement claim against the Doe Defendants. On March 14, 2023, Sheppard

filed a motion to compel Defendants to respond to his discovery requests. Dkt. No. 31. On April 4, 2023, Defendants responded, arguing that the motion to compel should be denied as moot because they had timely responded to his discovery requests on March 23, 2023. Dkt. No. 37.

Sheppard does not dispute that Defendants timely responded to his discovery requests, so the Court will deny his motion to compel as moot. The Court must now decide how to resolve Sheppard's failure to identify the Doe Defendants by the deadlines established by the Court.

Sheppard's original March 14 deadline to identify the Doe Defendants passed without any filing from him. Two months later, on May 11, 2023, Sheppard notified the Court that he had been transferred to a new institution, so on May 16, 2023, the Court allowed Sheppard until May 31, 2023 to both identify the Doe Defendants and explain why he failed to identify them by the March 14 deadline. On June 1, 2023, Sheppard filed a letter that did neither. Instead, Sheppard asked the Court to "please order the defendants attorneys to name the John/Jane Doe Defendants by name because I can not understand the handwriting of the C/O's in question that made the rounds while I was in observation status." Dkt. No. 44. Sheppard's letter also asks the Court to "set up a conference telephone call ASAP so we can get everything cleared up. Because right now I'm lost." *Id.*

The Court will dismiss the Doe Defendants because Sheppard failed to comply with both the Court's original March 14 deadline to name the Doe Defendants and the Court's later order giving him until May 31 to (1) identify the Doe Defendants and (2) explain why he didn't identify them before the March 14 deadline. Defendants have confirmed that they provided Sheppard with information and documents responsive to his discovery requests more than two months ago, near the end of March. Despite having this information, Sheppard waited until the end of May to notify the Court that he was unable to read the names on the documents Defendants produced. He makes

2

no mention of following up with Defendants' counsel regarding his inability to read the signatures on the documents, and there is no indication he made any other efforts to learn the Doe Defendants' names. Instead, he waited nearly ten weeks and now asks the Court to do his work for him. But the Court does not get involved in discovery disputes unless a party has first made a good faith effort to resolve the dispute without the Court's help. *See* Civil L. R. 37. It appears that Sheppard made no such efforts.

Sheppard's statement that he "is lost" is insufficient to excuse his failure to comply with the Court's order. Sheppard is an experienced litigant who has successfully litigated an appeal. *See Sheppard v. Ludwig*, Appeal No. 20-3531 (7th Cir. July 27, 2021). His filings are thorough and well-organized. There has been no suggestion at any point that Sheppard was confused or unsure of how to proceed. Also, the Court's order that he identify the Doe Defendants was clear, as was its warning that if he failed to do so by the deadline, the Court would dismiss the Doe Defendants. Sheppard knew what he had to do and he knew the consequence for failing to do it, so his vague assertion that he's "lost" rings hollow. Simply put, Sheppard failed to do the necessary work to accomplish the task required of him. It is not the Court's or Defendants' burden to identify the individuals who Sheppard wants to sue. Despite being given ample opportunity and time, Sheppard did not make sufficient efforts to carry his burden. Accordingly, the Court dismisses Sheppard's claims against the Doe Defendants because he failed to identify them or provide good cause for his failure to identify them before the extended deadline granted him. Sheppard's inaction does not warrant giving him more time to comply with the Court's order.

**IT IS THEREFORE ORDERED** that Sheppard's motion to compel (Dkt. No. 31) is **DENIED as moot**.

**IT IS FURTHER ORDERED** that the Doe Defendants are **DISMISSED** based on Sheppard's failure to comply with the Court's order to identify them or explain why he was unable to identify them by May 31, 2023.

Dated at Milwaukee, Wisconsin on June 5, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge