CHARLES SHEPPARD,

                Plaintiff,

v.                                                           Case No. 22-cv-0902-bhl

JASMINE KORUS, et al.,

                Defendants.

## DECISION AND ORDER

      Plaintiff Charles Sheppard, who is incarcerated at the New Lisbon Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. On June 5, 2023, the Court dismissed Sheppard's claims against unnamed John Doe Defendants based on Sheppard's failure to timely identify them. That same day, Sheppard filed a letter identifying the Does. On June 13, 2023, the Court ordered that resolution of Defendants' February 13, 2023 motion for partial summary judgment, which is premised on Sheppard's alleged failure to exhaust his administrative remedies, required an evidentiary hearing. The Court also concluded that Sheppard could represent himself at the hearing.

      Sheppard has since filed three motions, all of which remain pending. First, on June 20, 2023, Sheppard filed a motion to compel, asking the Court to order defendants to provide him various accommodations and access to documents. Second, on June 22, 2023, Sheppard filed a motion asking the Court to reconsider its dismissal of the Doe Defendants, explaining why he did not identify the Does by the first deadline and asserting that he identified the Does by the second deadline. Third, on June 23, 2023, Sheppard filed a motion to appoint counsel. This decision resolves all three of Sheppard's motions.

1. **The Court Will Grant Sheppard's Motion for Reconsideration and Vacate its Dismissal of the Doe Defendants.**

On October 14, 2022, the Court screened the amended complaint and allowed Sheppard to proceed, in part, on an Eighth Amendment claim against John Doe officers based on allegations that they ignored Sheppard's request for a security blanket even though he was nearly naked, vomiting, and visibly shaking from the cold. *See* Dkt. No. 13 at 4-5. On December 15, 2022, the Court entered a scheduling order requiring Sheppard to identify the Does by March 14, 2023. The deadline passed without Sheppard identifying the Does. On May 16, 2023, the Court entered a show cause order requiring Sheppard to identify the Does by May 31, 2023 and explain why he failed to identify them by the original deadline. On June 1, 2023, Sheppard filed a letter asking the Court to "please order the defendants attorneys to name the John/Jane Doe Defendants by name because I can not understand the handwriting of the C/O's in question that made the rounds while I was in observation status." Dkt. No. 44. On June 5, 2023, the Court dismissed the Does based on Sheppard's failure to comply with the Court's orders. Dkt. No. 45.

On the same day the Does were dismissed, the Court received a letter from Sheppard dated May 30, 2023. Sheppard stated that he had written a couple days prior asking if the Department of Justice could relay the names of the Does because he was unable to read the observation log but given the Court's order to identify the Does by May 31, 2023, he wanted to "give it [his] best shot." Sheppard identified the officers as Captain Congleton, Lt. Briski, Capt. Lyga, CO Wierenga, CO Larson, and CO Standke. Sheppard asked the Court to add these names in place of the Does placeholder. Dkt. No. 46.

In his motion for reconsideration, Sheppard asserts that he timely identified the Does by May 31, 2023. He explains that after he asked for the Court's help in identifying the Does, he was given documents located after his transfer from a different institution. Sheppard asserts that he reviewed the documents, identified the names, and sent them to the Court the day before the deadline. Sheppard

also explains that he has been "going thru hell" with medical conditions. He states that he was rushed to the emergency room two days in a row because he keeps having seizures. Finally, Sheppard asserts that he did not identify the Does by the original deadline because he lost access to his property when he was transferred to a new institution, and many of his legal documents are still missing. Dkt. No. 50.

Based on Sheppard's explanation and given his attempt to comply with the Court's order to identify the Does by May 31, 2023, the Court will grant his motion for reconsideration and will vacate its order dismissing the Doe Defendants. The Court will replace the Does placeholder with the names provided by Sheppard and will order Sheppard's amended complaint to be served upon Captain Congleton, Lt. Briski, Capt. Lyga, CO Wierenga, CO Larson, and CO Standke.

**2. The Court Will Deny Defendants' Motion for Partial Summary Judgment on Exhaustion Grounds as to the Now Identified Doe Defendants.**

On February 13, 2023, Defendants filed a motion for partial summary judgment on exhaustion grounds. Dkt. No. 22. Defendants asserted, in part, that Sheppard failed to exhaust his claim that the John Doe officers ignored his requests for a security blanket. Because the Court had already dismissed Sheppard's claims against the John Doe officers, the Court denied as moot that aspect of Defendants' motion. The Court will vacate the basis for its denial and will deny the motion as to that claim on the merits.

    **A. Background**

Sheppard is proceeding on a claim that Congleton, Briski, Lyga, Wierenga, Larson, and Standke ignored his requests for a security blanket even though he was nearly naked, vomiting, and visibly shaking. On January 10, 2020, the institution complaint examiner received inmate complaint FLCI-2020-659 from Sheppard. Dkt. No. 24 at ¶21. In identifying the issue of his inmate complaint, Sheppard stated: "The obs room was freezing cold. I told every single 1st 2nd & 3rd shift c/o & sgt that I was cold & anemic & they refused to call on-call HSU or PSU staff to give me a blanket." Dkt.

No. 25-3. The inmate complaint was dismissed on January 27, 2020, and Sheppard timely appealed. Dkt. No. 24 at ¶¶21-22. A final dismissal was issued by the Office of the Secretary on February 10, 2020. *Id.* at ¶22.

### B. Legal Standard

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

### C. Analysis

The Prison Litigation Reform Act, which applies to this case because Sheppard was a prisoner when he filed his complaint, provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(1). According to the U.S. Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust

administrative remedies, prisoners must pursue each step in the administrative process. *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). "Exhaustion is an affirmative defense, with the burden of proof on the defendants." *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

Defendants assert that Sheppard did not exhaust his conditions of confinement claim based on allegations that staff denied him a security blanket because his inmate complaint states only that the cell was cold and made no mention of his alleged vomiting, shaking, or overdose. Dkt. No. 23 at 12. Defendants argue that the inmate complaint "was insufficient to alert the prison to Sheppard's allegation that the temperature of the cell was problematic because of the symptoms of illness Sheppard now says he was experiencing at the time." *Id.* According to Defendants, "[w]ithout those details, officials cannot have understood Sheppard's complaint to be anything more than a complaint about being cold for one night . . . ." *Id.*

The Wisconsin Administrative Code sets forth the requirements for filing inmate complaints. Relevant to this case, "[e]ach complaint may contain only one clearly identified issue" and "must contain sufficient information for the department to investigate and decide the complaint." Wis. Admin. Code §§DOC 310.07(5)-(6). The regulations are not specific about what information is needed to satisfy these requirements. The Seventh Circuit has explained that, when regulations lack specific requirements regarding the content of an inmate complaint, "an inmate's complaint will suffice for exhaustion purposes if it provides notice to the prison of 'the nature of the wrong for which redress is sought." *Schillinger v. Kiley*, 954 F.3d 990, 995 (7th Cir. 2020) (citations omitted). Providing the prison "notice of, and an opportunity to correct, a problem," allows a prison the opportunity to correct its own mistakes before a lawsuit is filed. *Id.* at 995-96.

Defendants' conclusion that Sheppard failed to give the prison notice that the cold was problematic because of his health condition is not a fair reading of Sheppard's inmate complaint. In the inmate complaint, Sheppard states that he told the officers not only that it was cold but also that

5

he was anemic. Dkt. No. 25-3 at 12. He also states that the officers refused to call health services staff. Although Sheppard did not specifically note that he was vomiting and shaking, stating that he told officers he had anemia and asked them to call health services was sufficient for exhaustion purposes to provide the prison with notice that he was suffering from health issues that made the cold problematic. Because he provided sufficient notice, the Defendant officers are not entitled to summary judgment on exhaustion grounds.

**3. The Court Will Deny Sheppard's Motion to Appoint Counsel.**

On June 13, 2023, the Court explained that it could not resolve Defendants' motion for partial summary judgment on the ground that Sheppard had failed to exhaust the available administrative remedies as to his claim that his bupropion medication was abruptly canceled because questions of fact existed regarding whether Sheppard timely appealed the dismissal of his inmate complaint. Dkt. No. 47. The Court therefore scheduled an evidentiary hearing to "hear evidence, find facts, and determine credibility." Dkt. No. 47 (citing *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008)). The Court concluded that Sheppard could represent himself at the evidentiary hearing. The hearing is currently scheduled to occur via Zoom on **July 25, 2023 at 1:30 p.m.**[1]

On June 23, 2023, Sheppard filed a motion to appoint counsel. He explains that most of his submissions have been made with the assistance of a jailhouse lawyer. He states that he is currently suffering from numerous mental health issues, including anxiety and depression, and physical ailments, including a neurological disorder that causes recurring seizures and migraine headaches. He also states that the facts of the case are complex, and he does not believe he can adequately present evidence to a jury.

---

[1] The Notice of Hearing was returned to the Court as undeliverable on June 28, 2023. That same day, the Court received a letter from Sheppard explaining why prison officials refused to deliver the notice to him.

In a civil case, the Court has discretion to recruit a lawyer for individuals who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). "[D]eciding whether to recruit counsel 'is a difficult decision: Almost everyone would benefit from having a lawyer, but there are too many indigent litigants and too few lawyers willing and able to volunteer for these cases.'" *Henderson v. Ghosh*, 755 F.3d 559, 564 (7th Cir. 2014) (quoting *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014)). Accordingly, in exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Eagan v. Dempsey*, 987 F.3d 667, 682 (7th Cir. 2021) (quoting *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007)).

Even though Sheppard appears to have satisfied the first prong by making efforts to obtain a lawyer without the Court's help, the Court will deny his motion because he appears capable of representing himself at this stage of the case. When considering whether a plaintiff has the capacity to represent himself, the Court "must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Pennewell v. Parish*, 923 F.3d 486, 491 (7th Cir. 2019).

The next pressing task is the July 25 evidentiary hearing. At that hearing, Sheppard will need to testify under oath about the efforts he made to appeal the denial of his inmate complaint regarding the cancelation of his medication. Sheppard may also present evidence such as a copy of the first appeal he says he mailed, and he may call witnesses such as the institution complaint examiner who he says informed him that there was no record of his appeal. There will not be a jury at the evidentiary hearing, and the Court is well aware that Sheppard has little legal experience, so it will be able to help

him clear whatever procedural hurdles arise. Sheppard does not have to make legal arguments; he simply must tell the Court what happened. Sheppard is a good communicator—his filings are clear, organized, and thorough. The Court is confident that he can participate in the evidentiary hearing without the assistance of counsel.

The Court is also confident that Sheppard can represent himself through the briefing of summary judgment. Although Sheppard suffers from mental health conditions, it does not appear that they interfere with his ability to litigate this case. Sheppard has been a capable advocate for himself. He explains clearly what happened, when it happened, and who was involved. And, as noted, his writing is clear and easy to understand. The Court also acknowledges that Sheppard suffers from significant physical ailments, but these can be accommodated by extending deadlines when necessary. If Sheppard ever believes he needs more time to comply with a deadline, he should file a motion *before* the deadline explaining how much time he needs and why he needs more time. The Court will not needlessly delay the resolution of this case, but it will extend deadlines upon a showing of good cause.

Finally, the Court reminds Sheppard that summary judgment rises or falls on whether there is a genuine dispute of material fact. The Court is familiar with the law and does not require Sheppard to explain the legal basis of his claim so much as to indicate which facts asserted by Defendants are in dispute. Sheppard knows the facts of his case, and the Court believes he has the capacity to identify which facts are in dispute. The Court will reassess Sheppard's need for representation should any of his claims survive summary judgment, but at this point, the Court will deny his motion.

**4. The Court Will Deny Sheppard's Motion to Compel.**

On June 20, 2023, Sheppard filed a motion asking the Court to order his institution to allow him to review his medical records, to allow him access to the law library, to allow him to review his social services records and security files, and to order the institution complaint examiner to review

his grievances. The Court will deny Sheppard's motion because it does not involve itself in the day-to-day management of prison affairs but instead defers to prison officials on those decisions. If Sheppard disagrees with the prison official's decisions, he may seek to have his concerns addressed through the inmate complaint review system. If he is dissatisfied with the results, he may consider whether he desires to initiate a lawsuit. The Court reminds Sheppard that he need only exhaust administrative remedies that are available to him.

With the above in mind, the Court encourages Defendants' counsel to confer with prison officials to ensure Sheppard is able to review the documents he believes he needs to prosecute this case. If Sheppard's documents were misplaced during his transfer, he may consider asking opposing counsel if they are able/willing to mail him copies. The Court encourages Sheppard to be reasonable in his requests and encourages the parties to work with one another in good faith.

5. **Next Steps**

As explained, the Court will order Sheppard's amended complaint to be served upon the new Defendants. The Court encourages the new Defendants (who will be represented by the Wisconsin Department of Justice) to respond to the amended complaint as promptly as possible to avoid further delay. The Court will vacate the dispositive motion deadline. At the July 25 evidentiary hearing, the parties can discuss how much time they need to complete discovery on Sheppard's claims against the new Defendants. The Court will set a discovery deadline as to the claims against the new Defendants only. Discovery on Sheppard's other claims is closed. The Court will also set a new dispositive motion deadline as to all claims.

With regard to the July 25 evidentiary hearing, the parties must file a notice by July 14, 2023 identifying what exhibits they plan to present and what witnesses, if any, they plan to call. The Court asks Defendants' counsel to coordinate the appearance of any witness that Sheppard would like to call.

**IT IS THEREFORE ORDERED** that Sheppard's motion to compel (Dkt. No. 49) is **DENIED** and his motion to appoint counsel (Dkt. No. 51) is **DENIED without prejudice**.

**IT IS FURTHER ORDERED** that Defendants' motion for partial summary judgment on exhaustion grounds (Dkt. No. 22) is **DENIED in part** as to Sheppard's conditions of confinement claim.

**IT IS FURTHER ORDERED** that the August 14, 2023 dispositive motion deadline is **VACATED**.

**IT IS FURTHER ORDERED** that Sheppard's motion for reconsideration (Dkt. No. 50) is **GRANTED in part**. The portion of the motion asking the Court to recruit counsel to represent him at the evidentiary hearing is **DENIED**.

**IT IS FURTHER ORDERED** that portion of the Court's June 5, 2023 order dismissing the Doe Defendants (Dkt. No. 45) is **VACATED**.

**IT IS FURTHER ORDERED** that the John Does placeholder shall be replaced by the following names: Captain Congleton, Lt. Briski, Capt. Lyga, CO Wierenga, CO Larson, and CO Standke.

**IT IS FURTHER ORDERED** that pursuant to an informal service agreement between the Wisconsin Department of Justice and this Court, copies of Sheppard's amended complaint, the screening order, and this order are being electronically sent today to the Wisconsin Department of Justice for service on Congleton, Briski, Lyga, Wierenga, Larson, and Standke.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between the Wisconsin Department of Justice and this Court, Congleton, Briski, Lyga, Wierenga, Larson, and Standke shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order, or as soon as is practicable.

**IT IS FURTHER ORDERED** that discovery on Sheppard's claims against the newly identified Defendants shall not commence until after the Court sets deadlines for completing discovery and filing dispositive motions.

**IT IS FURTHER ORDERED** that the parties must file a notice by **July 14, 2023** identifying the exhibits they plan to present and they witnesses, if any, they plan to call at the July 25, 2023 evidentiary hearing. The Court asks Defendants' counsel to coordinate the appearance of any witness that Sheppard would like to call. The Court will re-mail the notice of hearing that was returned to the Court as undeliverable.

Dated at Milwaukee, Wisconsin on June 30, 2023.

s/ *Brett H. Ludwig*<br>
BRETT H. LUDWIG<br>
United States District Judge

11

Case 2:22-cv-00902-BHL    Filed 06/30/23    Page 11 of 11    Document 54