UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CHARLES SHEPPARD,

        Plaintiff,

    v.                                                 Case No. 22-cv-0902-bhl

JASMINE KORUS, et al.,

        Defendants.

---

## DECISION AND ORDER

---

Plaintiff Charles Sheppard, who is serving a state prison sentence at New Lisbon Correctional Institution and representing himself, filed this action pursuant to 42 U.S.C. §1983. On October 14, 2022, the Court allowed Sheppard to proceed, in part, on deliberate indifference claims based on allegations that Defendants Christa Pierce, Candace Whitman, and Jeff Anders abruptly cancelled his medication despite knowing he had previously suffered severe withdrawal symptoms.[1] Dkt. No. 13 at 3-5. On February 13, 2023, Whitman and Anders moved for summary judgment on the basis that Sheppard had failed to exhaust the administrative remedies as to that claim. Dkt. No. 22. A couple of days later, the Court granted Pierce's motion to join the motion. Dkt. No. 27. On June 13, 2023, the Court concluded that an evidentiary hearing was necessary to determine whether Sheppard exhausted the administrative remedies as to his claim that Pierce, Whitman, and Anders abruptly discontinued his medication. Dkt. No. 47. The parties appeared

---

[1] Sheppard is proceeding on other claims where exhaustion is not at issue. The Court will not discuss those claims in this decision.

for a video-conference hearing on September 7, 2023. Based on the evidence presented, and for the reasons explained below, the Court will deny Defendants' motion.

## FACTUAL BACKGROUND

Sheppard timely filed an inmate complaint on October 24, 2019, stating that his bupropion medication had been abruptly cancelled. Dkt. Nos. 24, 28 at ¶12. About a week later, on October 30, 2019, institutional complaint examiner (ICE) Laura Daley, née Bartow, recommended that the inmate complaint be dismissed. *Id.* at ¶13. The reviewing authority accepted the recommendation and dismissed the complaint on November 4, 2019. *Id.* at ¶14. The institution printed the decision for distribution to Sheppard on November 6, 2019. Dkt. No. 25-2 at 6. Per Wis. Admin. Code §DOC 310.12(1), an inmate must file his appeal within 14 days. The day after the institution prints the decision is the first day of the 14-day appeal period. Dkt. No. 25-2 at 6. Thus, Sheppard was required to file his appeal by November 21, 2019.

At the hearing, Sheppard testified under oath that he is an experienced litigant and "very much aware" of the exhaustion requirements. He stated that "there was no question in [his] mind" that he wanted to file a lawsuit in connection with this incident. He insisted that he is "positive that beyond a shadow of a doubt" he submitted an appeal immediately upon receiving the decision on his inmate complaint. He clarified that while he was "not 100 percent positive about the exact date" that he submitted his appeal, he was positive that he submitted the appeal within two weeks of receiving the ICE's decision.

Sheppard had previously explained in an unsworn declaration that, sometime in late December 2019, after not receiving a receipt from the corrections complaint examiner (CCE), he wrote to Daley asking about the status of his appeal. Sheppard asserted that, after Daley informed him that an appeal was never received, he submitted a second appeal on December 27, 2019. Dkt.

2

No. 30 at ¶3. Sheppard's December 27, 2019 appeal began: "I want to state for the record that this is my 2nd complaint appeal in regards to the above listed file number. I never received a response back from you period. So, I wrote the ICE & explained this & she says there's no record of me filing an appeal. I'm not sure how that happened unless it was lost in the mail. Either way, I want to formally exhaust my administrative remedies. I want this matter looked into." Dkt. No. 25-2 at 22.

On December 30, 2019, the CCE issued a receipt acknowledging that Sheppard's December 27, 2019 appeal had been received. Dkt. Nos. 24, 28 at ¶16. On January 10, 2020, the CCE rejected the appeal as untimely, noting that "[n]o other appeal has been received from this inmate for this complaint as he asserts." *Id.* at ¶17. The Office of the Secretary accepted the CCE's recommendation to reject the appeal as untimely, finding that Sheppard's claim that his first appeal was lost in the mail was not credible and was unsupported by any evidence. *Id.* at ¶18; Dkt. No. 25-2 at 7.

At the hearing, Daley testified that once an inmate appeal is received by the CCE, it is scanned into the system and a receipt is automatically generated. The receipt is then routed to the institution and mailed to the inmate through the institution mail system. Daley confirmed that the December 30, 2019 receipt was the only receipt the CCE printed in connection with this complaint and appeal. Sheppard testified that he received the late-December receipt, but he noted that the CCE does not always send a receipt. Sheppard testified that sometimes he receives a receipt within a few days as he did for his late-December appeal, but sometimes he doesn't receive a receipt for weeks. He also testified that there have been times when no receipt was received. Sheppard noted that, with regard to this appeal, he "gave it some time" after filing his first appeal, but when a

3

receipt still had not arrived after a few weeks, he wanted to make sure that his administrative remedies had been properly exhausted, so he wrote to Daley.

Daley testified that she was not aware of and did not locate any correspondence regarding Sheppard's alleged written inquiry to her about the status of his appeal. Daley explained that, generally, her practice is to make a copy of any written correspondence that requires a response and to save the correspondence and a copy of her answer in a file. Daley stated that she checked her file, and it did not contain any correspondence from Sheppard or any response from her to Sheppard. Daley conceded, however, that while she always tries to respond, "there's no guarantee that [she] kept a copy of the response." She observed that she could have made an error by not making a copy of her response. Sheppard insisted that he had written to Daley and that she had responded by informing him that there was no record of an appeal. Daley noted that, at no point, has Sheppard produced a copy of his correspondence to her or of her response to him, but Sheppard testified that many of his legal materials were lost following his transfer to different institutions. Sheppard reminded the Court that he has spoken to the Department of Justice, institution staff, and the Court about his missing legal documents.

Finally, Daley confirmed the Office of the Secretary's decision that Sheppard's representations that his first appeal had been lost in the mail were not credible and were unsupported by any evidence, but Daley did not know whether the CCE or the Office of the Secretary had interviewed anyone in reaching that conclusion. Daley noted that she does not normally look at appeals because that is for the CCE to investigate. Defendants did not call the CCE or anyone from the Office of the Secretary to explain the basis for concluding that Sheppard's position was not credible.

## LEGAL STANDARD

Summary judgment is appropriate when the moving party shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding a motion for summary judgment, the Court must view the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018) (citing *Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 812 (7th Cir. 2017)). In response to a properly supported motion for summary judgment, the party opposing the motion must "submit evidentiary materials that set forth specific facts showing that there is a genuine issue for trial." *Siegel v. Shell Oil Co.*, 612 F.3d 932, 937 (7th Cir. 2010) (citations omitted). "The nonmoving party must do more than simply show that there is some metaphysical doubt as to the material facts." *Id.* Summary judgment is properly entered against a party "who fails to make a showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Austin v. Walgreen Co.*, 885 F.3d 1085, 1087–88 (7th Cir. 2018) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

## ANALYSIS

The Prison Litigation Reform Act, which applies to this case because Sheppard was a prisoner when he filed his complaint, provides that a prisoner cannot assert a cause of action under federal law "until such administrative remedies as are available are exhausted." 42 U.S.C. §1997e(a)(1). According to the U.S. Supreme Court, exhaustion of administrative remedies must be done "properly" because "no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). To properly exhaust administrative remedies, prisoners must pursue each step in the

administrative process.  *See Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) (when a prisoner does not follow procedures his remedies are forfeited, not unavailable).  "Exhaustion is an affirmative defense, with the burden of proof on the defendants."  *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013).

In Wisconsin, to exhaust the available administrative remedies, an inmate must file an inmate complaint through the inmate complaint review system, as outlined in Wis. Admin. Code §DOC 310.  Defendants do not dispute that Sheppard timely filed an inmate complaint, and Sheppard does not dispute that under the regulations he was required to appeal the dismissal of his inmate complaint by November 21, 2019.  The CCE did not receive an appeal from Sheppard until December 27, 2019.  Sheppard asserts that he timely filed an appeal that the CCE never received.  The CCE concluded that Sheppard was lying and therefore rejected his late-December appeal as untimely.

As explained in the Court's prior decision, "[o]rdinarily, a complaint that is rejected for procedural reasons, rather than dismissed after a determination on the merits, does not exhaust a prisoner's administrative remedies." *Durley v. Kacyon*, No. 21-CV-154-PP, 2022 WL 16530885, at *5 (E.D. Wis. Oct. 29, 2022) (citations omitted).  Generally, courts defer to prison officials' enforcement of the regulations, including determinations that a prisoner failed to comply with procedural requirements.  But deference is not warranted when the official's enforcement appears arbitrary or intended to prevent a plaintiff from a meaningful opportunity to present his grievance.  *See Jones v. Frank*, No. 07-CV-141-BBC, 2008 WL 4190322, *1 (W.D. Wis. Apr. 14, 2008).

Here, the CCE recommended that Sheppard's appeal be rejected as untimely because "[n]o other appeal ha[d] been received from this inmate for this complaint as he asserts."  Dkt. No. 25-2 at 6.  The Office of the Secretary accepted the recommendation, noting that Sheppard's assertion

6

that his first appeal must have been lost in the mail was not credible and was unsupported by any evidence. *Id.* at 7. Neither the CCE nor the Office of the Secretary's decisions explained the basis for their conclusion that Sheppard's assertion that he had timely appealed was not credible. Daley testified that the first she had heard of Sheppard's claim that he had written to her about his appeal was after he filed his lawsuit, meaning that neither the CCE nor the Office of the Secretary contacted her to investigate Sheppard's assertion. Daley also testified that she didn't know if the CCE or the Office of the Secretary had contacted Sheppard. Defendants provided no other evidence of an investigation. The Court therefore finds that the CCE and the Office of the Secretary summarily concluded without investigation that Sheppard was lying. The Court therefore declines to defer to their conclusion that Sheppard was not credible. *See Jones*, 2008 WL 4190322 at *1.

The Court also finds that Defendants did not carry their burden of proving that Sheppard did not timely appeal the dismissal of his inmate complaint. Sheppard's testimony that he was "very much aware" of the exhaustion requirements was credible and is supported by the fact that he has successfully exhausted many claims in the past. His assertion that he was careful to complete the exhaustion process because he knew from the beginning that he wanted to file a lawsuit in connection with this incident was also believable. Sheppard stated clearly and with conviction that he is "positive that beyond a shadow of a doubt" he timely appealed the dismissal of his complaint. Daley was also credible, but her testimony did not undermine Sheppard's. She confirmed that Sheppard was an experienced litigant who knew how the exhaustion process worked. And while she testified that she "was not aware" of any correspondence from Sheppard about his appeal because she had not located any correspondence in her file, she conceded that she

may not have saved a copy of the correspondence. In short, Daley provided no information that caused the Court to doubt Sheppard's testimony that he had timely filed his appeal.

Nor did Defendants demonstrate that, even if Sheppard's first appeal was lost in the mail, he should have followed up sooner after not receiving a receipt in response to his first appeal. *See* Dkt. No. 23 at 11-12. Section §DOC 310.10(4) requires the institutional complaint examiner to provide a written notice to the inmate within ten days that an *inmate complaint* has been received. But no regulation in the code requires the CCE to provide written notice that an appeal has been received.[2] *Compare* §DOC 310.10(4) *and* §DOC 310.12. Sheppard testified that it varies when or whether he receives a receipt from the CCE after he submits an appeal. He explained that sometimes he receives a receipt within a few days of mailing his appeal, but sometimes he waits for weeks and sometimes he never receives a receipt. Once again, the Court found Sheppard to be credible, and Defendants offered no evidence to contradict his testimony.

Daley noted that she believes that it is the CCE's general practice to print a receipt when the appeal is scanned into the system, but she also acknowledged that she does not handle appeals. Regardless, even if the Court were to credit Daley's testimony about the CCE's practice, Sheppard's testimony about when he receives receipts was not undermined. Daley explained that the CCE mails the receipts to the institution and that staff then distributes the receipts to the inmates through the institution's mail system. Defendants presented no evidence about the staff's practice for distributing receipts to inmates. So, while it is possible that the CCE immediately prints a receipt after scanning the appeal into the system and mails the receipt to the institution, there was no evidence that staff immediately distributes the receipt to the inmate. Given that no regulation

---

[2] The 2014 version of the regulations included a requirement that the CCE provide a receipt of the appeal to the inmate within five days, *see* §DOC 310.13(4) (2014 version), but this requirement is not included in the 2018 version, which was in effect at the relevant time.

8

Case 2:22-cv-00902-BHL   Filed 09/13/23   Page 8 of 9   Document 67

defines when a CCE must provide an inmate with a receipt and given that Sheppard credibly testified that the timing of when he receives a receipt (if he even receives one) varies, the Court cannot conclude that he waited an unreasonable amount of time to follow up with Daley on the status of his appeal.

As previously acknowledged, while lost mail is uncommon, it is not unheard of, particularly in prisons where inmates must rely on guards (who are burdened by countless other duties) to properly handle their mail. Sheppard's testimony that he timely mailed his first appeal was convincing and credible, and Defendants did not present any evidence that called his testimony into question. Given Defendants' failure to demonstrate that Sheppard is not telling the truth about timely appealing, the Court concludes that he did everything the regulations required of him to do to exhaust his administrative remedies. *See Dole v. Chandler*, 438 F.3d 804, 809-11 (7th Cir. 2006) (holding that a prisoner, whose complaint remained unresolved through no fault of his own, exhausted the available administrative remedies). Because Defendants have not carried their burden of proving that Sheppard failed to exhaust the available administrative remedies, their summary judgment motion must be denied.

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 22) is **DENIED** as to Sheppard's claim that Whitman, Anders, and Pierce cancelled his medication despite knowing he had previously suffered severe withdrawal symptoms.

Dated at Milwaukee, Wisconsin on September 13, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge